## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

LIVINGSTON ASSET MANAGEMENT, LLC
2338 Immokalee Rd. Ste. 324
Naples, FL 34110

      Plaintiff

v.

SADDLE RANCH MEDIA, INC.                   Case No.:
5020 Campus Drive
Newport Beach, CA 92660

Serve On Resident Agent:
Northwest Registered Agent, LLC
881 Baxter Drive, Suite 100
South Jordan, UT 84095

      Defendant

---

### COMPLAINT

Plaintiff, LIVINGSTON ASSET MANAGEMENT, LLC, ("LIVINGSTON"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against SADDLE RANCH MEDIA, INC. ("SRMX"), and alleges:

1.      This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of securities in exchange for debt.

2.      This Court has jurisdiction over the parties hereto based on the Federal Statute.

3.      Venue is proper in the Northern District.

4.      Plaintiff, Livingston Asset Management, LLC, is a Florida limited liability company previously registered to do business with the Maryland State Department of Assessments and Taxation ("SDAT"), which transacts business in Baltimore, Maryland.

5.      Defendant, SRMX is a publicly traded entity, domiciled in Utah, and headquartered in California, which has the ability to issue securities under Section 3(a)(10).

6.      On January 29, 2019, Defendant entered into a Liabilities Purchase Agreement ("LPA") with the Plaintiff, under which Plaintiff agreed to purchase certain liabilities of Defendant from third-party creditors.

7.      A copy of the LPA is attached hereto and incorporated by reference herein as Exhibit A.

8.      On February 12, 2019, Plaintiff entered into a Claims Purchase Agreement with Institute for Information Technology, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $95,998.33 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor are attached hereto and incorporated by reference herein as Exhibit B. Among other things, the Claims Purchase Agreement sets Maryland as the Venue for any action related thereto.

9.      On February 11, 2019, Plaintiff entered into a Claims Purchase Agreement with UBROADTEK Technology Co., Ltd., a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $158,100.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the

Assignor are attached hereto and incorporated by reference herein as Exhibit C. Among other things, the Claims Purchase Agreement sets Maryland as the Venue for any action related thereto.

10.     On February 8, 2019, Plaintiff entered into a Claims Purchase Agreement with TechWare Technology Co., Ltd., a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $162,578.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor are attached hereto and incorporated by reference herein as Exhibit D. Among other things, the Claims Purchase Agreement sets Maryland as the Venue for any action related thereto.

. 11.     On March 25, 2019, the parties entered into a Settlement Agreement and Stipulation pursuant to Section 3(a)10 (the "Settlement Agreement"), in which SRMX affirmed its indebtedness to the Assignor from whom LIVINGSTON acquired the aforementioned Claims, thus acknowledging its indebtedness to LIVINGSTON. A copy of the Settlement Agreement is attached hereto as Exhibit E. Among other things, Exhibit E sets Maryland as the Venue for any action related thereto.

13.     On March 15, 2019, Defendant engaged Corinthian Partners LLC, ("PLACEMENT AGENT") a registered broker-dealer, to serve as Placement Agent with regard to the due diligence of and the purchase of Claims by third-parties like LIVINGSTON.

3

14.     For such services, PLACEMENT AGENT is due a placement agent fee equal to ten percent (10%) of the net proceeds of sales of Settlement Shares issued pursuant to a court approved settlement agreement.

15.     The March 15, 2019 Engagement Letter from Corinthian to Defendant evidencing such placement agent services is attached hereto as Exhibit F.

16.     Due to the delinquency of SRMX's filings, LIVINGSTON's brokerage will not allow LIVINGSTON to deposit SRMX stock into its brokerage account in settlement of the Debt without a "federal court order" recognizing an exemption from registration under the Securities Act of 1933, despite the best efforts of SRMX to assist LIVINGSTON with the removal of restricted legends and/or the deposit of such common stock with LIVINGSTON's brokerage, such that it is impossible for LIVINGSTON to recoup its losses without relief under Section 3(a)(10).

17.     As a direct and proximate result of the failure of SRMX to pay the Debt which is the subject of this Complaint, LIVINGSTON has been damaged.

18.     SRMX's public securities filings detail its inability to repay LIVINGSTON using cash, and LIVINGSTON seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby SRMX would issue shares of its publicly traded common stock as payment for the Debt owed to LIVINGSTON.

19.     Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of the Debt for securities.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

4

Respectfully submitted,

*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
400 E. Pratt Street, 8th Floor
Baltimore, Maryland 21202
(410) 429-7076 Tel
(888) 907-1740 Fax

*Attorney for Plaintiff*

5